

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Shelburne H. Glover
County Attorney
Marion County
Jefferson, Texas

Dear Sir:

Opinion No. O-4445
Re: Texas Liquor Control
Board Inspectors -
Arrests

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Does an agent or inspector of the Liquor Control Board have the power to make an arrest, and are such agents Peace Officers under the provision of Texas Liquor Control Act?

"In a recent opinion handed down by the Supreme Court and written by Chief Justice, James P. Alexander, relative to the power of an agent of the Liquor Control Board to bind and obligate the state for the payment of a hospital bill, which the agent stated would be paid by the Liquor Control Board, the Court had this to say:

"'However, a careful reading of the original Act will disclose that it nowhere expresses or by necessary implication confers on the Board or its employees authority to make arrests for violation of the Act. Section 31 of the Act indicates that it is contemplated that the regular City, County and State Peace Officers shall perform these duties.'

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Article 666-31 of the Penal Code, under the heading, 'Enforcement by Peace Officers,' provides that it shall be the duty of all Peace Officers of the state, including City, County and State, to enforce all provisions of the Act and to assist the Board in detecting violations of this Act and apprehending offenders . . . . . '

"Further, it is provided under the same Section that 'whenever any officer or representative of the Board shall arrest any person for violation of any provision of this Act . . . .' he shall seize all illicit beverages which the person so arrested shall have in his possession.' Under Article 346, Penal Code, the term 'officer' is defined, as follows:

"'By "Officer" as used in this chapter is meant any Peace Officer, as Sheriff, Deputy Sheriff, Constable, Marshal or Policeman of any city or town, any jailer or guard, or any person specially authorized by warrant to arrest.'

"In a recent instance in this County, agents of the Liquor Control Board, acting as under-cover agents, made purchases of intoxicating liquor, arrested the accused, and brought them to court, without the aid of local Peace Officers in making the arrests.

"I deem this question raised by Judge Alexander of sufficient importance as to justify my asking you for an opinion as to whether agents and inspectors of the Liquor Control Board are Peace Officers and whether they have the power to make arrests.

"If they are not Peace Officers, under the law, it occurs to me that they would be seriously handicapped in the performance of their duties.

However, they could always work in conjunction with local Peace Officers, and thereby accomplish the same purpose that they could acting alone."

The case referred to by you in your letter is styled Ragland-Clinic vs. The State of Texas, and is not yet reported. In this case one Y. L. Culp, a State Liquor Board Inspector shot an alleged liquor law violator, carried him to a hospital, representing to the hospital that he had authority to bind the Texas Liquor Control Board and that said Board would pay the hospital bill. The Supreme Court held that such inspector could not bind the State or the Liquor Board to pay such bill. The Court in its opinion also stated that the original Texas Liquor Control Act (enacted in 1935) did not authorize such inspector to make arrests. This is true and was pertinent inasmuch as it was on November 12th, 1936 when the arrest was made and the purported contract was made.

However in 1937 and subsequent to the date of the arrest the 45th Legislature enacted the following provision of law, which is codified as Article 666-7b, Vernon's Annotated Texas Penal Code:

"All inspectors and representatives of the Board shall subscribe to the constitutional oath of office which shall be filed in the office of the Board. The Board or Administrator is empowered to commission such number of its inspectors and representatives which it deems necessary to enforce the provisions of this Act. Such commissioned inspectors and representatives shall have all the powers of a peace officer coextensive with the boundaries of this State. Such commissioned inspectors and representatives shall make and execute such bond as may be required by the Board. Acts 1935, 44th Leg., 2nd C.S., p. 1795, ch. 467, Art. 1, § 7b, as added Acts 1937, 45th Leg., p. 1053, ch. 448, § 8."

The Supreme Court's opinion in the Ragland-Clinic case does not hold that commissioned inspectors and representatives of the Texas Liquor Control Board do not now

have the power to make arrests. Such opinion holds, and correctly so, that Inspector Culp did not have the legal authority to make the arrest he did. (In November, 1936 - which was prior to the passage of Article 666-7b, V.A.P.C., supra.)

You are therefore respectfully advised that it is the opinion of this department that commissioned inspectors and representatives of the Texas Liquor Control Board now have all the powers of a peace officer coextensive with the boundaries of this State. Such powers would of course include the right to make arrests for violations of the laws of this State. (See Article 666-7b, V.A.P.C.)

APPROVED MAR 4, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

BY

Wm. J. Fanning
Assistant

WJF:ff

